# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY V. PINSON,  :
  **Plaintiff**  :
       :  **No. 1:18-cv-00118**
 **v.**     :
       :  **(Judge Rambo)**
**UNITED STATES OF AMERICA,** :
  **Defendant**  :

## MEMORANDUM

Pending before the Court is Plaintiff Jeremy Pinson's[1] complaint filed

pursuant to the Federal Tort Claims Act ("FTCA") (Doc. No. 1), and motion for

leave to proceed in forma pauperis (Doc. No. 2). The Court will screen the

complaint pursuant to the Prison Litigation Reform Act's ("PLRA"), screening

provisions.

## I. BACKGROUND

Plaintiff, an inmate currently confined at the United States Penitentiary

Tucson, Arizona ("USP-Tucson"), filed this current FTCA action on January 16,

2018. (Doc. No. 1.) Plaintiff alleges that while incarcerated at USP-Allenwood,

Pennsylvania, and while suicidal, Plaintiff displayed a razor to a correctional

officer who failed to retrieve the razor under the Bureau of Prison ("BOP")

---

[1] The Court notes that in an identical action filed prior to the instant action, Plaintiff has provided that she is a male to female transgender individual. See Pinson v. United States, et al., No. 17-cv-584 (M.D. Pa. 2017). A court may take judicial notice of its own records in other cases. See Fed. R. Evid. 201; Ernest v. Child & Youth Servs. of Chester Cty.,108 F.3d 486, 498-99 (3d Cir. 1997); Stefanowicz v. Sun Trust Mortgage, No. 1:16-cv-00368, 2017 WL 1103183, at *1 n.1 (M.D. Pa. Jan. 9, 2017).

applicable policy. (Id.) Plaintiff alleges that she then attempted to remove her testicles and scrotum, resulting in surgery to repair the self-inflicted injuries. (Id.) Plaintiff seeks one million dollars in damages from the United States. (Id.)

Plaintiff has previously filed a civil action concerning the very subject matter of this instant action on April 3, 2017. The Court takes judicial notice of its docket and filed documents in Pinson v. United States, et al., No. 17-cv-584 (M.D. Pa. 2017). In that action, Plaintiff set forth essentially the same FTCA allegations against the United States involving the same razor blade and self-mutilation incident that occurred while Plaintiff was incarcerated at USP-Allenwood. Id. Doc. No. 11. With respect to the status of that proceeding, the United States' motion for summary judgment was granted on February 26, 2018, id. Doc. No. 56, judgment was entered in favor of the United States, id. Doc. No. 57, and the Clerk closed the case. Plaintiff filed a motion for reconsideration which is currently pending. Id. Doc. No. 58.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar

screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient

factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct:  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged  – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint

4

"plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation specifically, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

## III. DISCUSSION

A plaintiff generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1997) (citing United States v. Haytian Republic, 154 U.S. 118, 123-24 (1894)); see also Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). "The pendency of a prior pending action in the same federal court is ground for abatement of the second action," and there "is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." Walton, 563 F.2d at 70. Thus, Walton will apply when two civil actions: "(1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter" at the same time. McKenna v. City of Phila, 304 F. App'x 89, 92 (3d Cir. 2008). "Parallel complaints need not be completely identical to fall under

Walton, which proscribes 'substantially identical complaints.'" Id. (citing Walton, 563 F.2d at 71).

In examining the FTCA claim against the United States in this civil action, the Court concludes that it is substantially identical to the claim asserted in Pinson v. United States et al., No. 17-cv-584 (M.D. Pa. 2017). In both civil actions, Plaintiff raises an identical FTCA claim against the United States for a correctional officer's alleged failure to retrieve a razor from Plaintiff that resulted in Plaintiff self-mutilating herself while incarcerated at USP-Allenwood. Id. Doc. No. 11; (Doc. No. 1). In both actions, the relief sought by Plaintiff is one million dollars from the United States. Id.; (id.) Accordingly, the claims against the United States are substantially identical for purposes of applying Walton. See Frederick Banks v. State Farm, No. 2:13-cv-1152, 2013 WL 6058471, at *4-5 (W.D Pa. Nov. 18, 2013).

Alternatively, the doctrine of claim preclusion, or res judicata, applies to the instant action. Res judicata precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. See Chen v. Fairfield Township, 354 F. App'x 656, 658 (3d Cir. 2009); CoresStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 191 (3d Cir. 1999). Three elements are required for the doctrine to take effect: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their

privies must have been involved in both suits; and (3) the subsequent suit must have been based on the same cause of action as the original.  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  Entry of summary judgment is a final judgment on the merits for res judicata purposes.  See Hubicki v. ACF Inds., Inc., 484 F.2d 519, 524 (3d Cir. 1973); Wesley v. McCarthy, No. 1:16-cv-1205, 2017 WL 3701826, at *2 (M.D. Pa. Aug. 28, 2017).  Moreover, district courts, pursuant to the screening provisions of the PLRA, may sua sponte raise the doctrine of res judicata when screening the pro se complaint.  See Salley v. Rendell, Civ. No. 08-132, 2008 WL 1752246, at *9 (W.D. Pa. Apr. 14, 2008).

In Pinson v. United States et al., No. 17-cv-584 (M.D. Pa. 2017), the Court granted the United States' motion for summary judgment as to Plaintiff's FTCA claim.  This is the very claim Plaintiff appears to reassert in the instant civil action against the United States.  (Doc. No. 1).  Based upon the Court's review of both actions, the Court concludes that res judicata operates to bar the instant action.  See Williams v. Lehigh Cty. Dep't of Corr., 19 F. Supp. 2d 409, 411-13 (E.D. Pa. 1998).[2]

---

[2] While the federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate proper decision on the merits," Foman v. Davis, 371 U.S. 178, 182 *1962), and that a complaint should not be dismissed with prejudice "unless such an amendment would be inequitable or futile," Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), clearly, under the circumstances, permitting Plaintiff an opportunity to amend would be futile.

## IV.    CONCLUSION

Because the claims and supporting allegations against the United States are substantially identical to those asserted in Pinson v. United States et al., No. 17-cv-584 (M.D. Pa. 2017), Walton applies and this action will be dismissed. Alternatively, Plaintiff's instant claim is barred by the doctrine of res judicata.  An appropriate Order follows.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 8, 2018