# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY V. PINSON, : | |
|     Plaintiff : | |
| : | No. 1:18-cv-00118 |
| v. : | |
| : | (Judge Rambo) |
| UNITED STATES OF AMERICA, : | |
|     Defendant : | |

## MEMORANDUM

Pending before the Court is Plaintiff Jeremy Pinson's ("Plaintiff"), motion for reconsideration (Doc. No. 14), of this Court's August 8, 2018 Memorandum and Order (Doc. Nos. 12, 13), dismissing the instant action as duplicative of a companion civil action filed by Plaintiff at Civil Action 17-584. For the reasons that follow, the Court will grant Plaintiff's motion, direct the Clerk of Court to reopen this action and serve the complaint on Defendant.

**I.    BACKGROUND**

Plaintiff, an inmate currently confined at the United States Penitentiary Tucson, Arizona ("USP-Tucson"), filed this FTCA action on January 16, 2018. (Doc. No. 1.) Plaintiff alleges that while incarcerated at USP-Allenwood, Pennsylvania, and while suicidal, Plaintiff displayed a razor to a correctional officer on June 5, 2016, who failed to retrieve the razor pursuant to the Bureau of Prison ("BOP") applicable policy. (Id.) Plaintiff alleges that she then attempted to remove her testicles and scrotum, resulting in surgery to repair the self-inflicted

1

injuries. (Id.) Plaintiff seeks one million dollars in damages from the United States. (Id.)

On August 8, 2018, the Court issued a Memorandum and Order (Doc. Nos. 12, 13), dismissing this action as duplicative of a similar action filed by Plaintiff at Civil Action 17-584. In this Court's August 8, 2018 Memorandum, it noted that in Civil Action 17-584 "Plaintiff raises an identical FTCA claim against the United States for a correctional officer's alleged failure to retrieve a razor from Plaintiff that resulted in Plaintiff self-mutilating herself while incarcerated at USP-Allenwood." (Doc. No. 12 at 12.)

On August 27, 2018, Plaintiff filed motion for reconsideration (Doc. No. 14), acknowledging the similarities of the two civil actions, however, provides that in Civil Action 17-584, the incident alleged in the FTCA claim occurred on May 25, 2016, while the incident alleged in the instant FTCA claim occurred on June 5, 2016. (Id.) Accordingly, Plaintiff requests that this Court reconsider its dismissal of this action. (Id.)

## II. LEGAL STANDARD

A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one

of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds. Those grounds included (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) a void judgment; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. The decision whether to grant relief pursuant to Rule 60(b) "is within the sound discretion of the court ." Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986). Such relief, however, "is available only in cases evidencing extraordinary circumstances." Id. (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)).

Factors determining whether the court should grant relief under Rule 60(b) include "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under

attack." Boernert v. Respet, No. 3:06-cv-362, 2009 WL 2407806, *1 (M.D. Pa. Aug. 3, 2009) (quoting Stradley, 518 F.3d at 493.).

**III. DISCUSSION**

Plaintiff has brought to this Court's attention that while the incidents alleged in Civil Action 17-584 and the instant action are similar, the dates of each incident occurred on two separate occasions, May 25, 2016 and June 5, 2016, respectively, resulting in two separate FTCA claims. (Doc. No. 14.) Plaintiff argues that the instant FTCA claim was a separate transaction or occurrence from the incident that occurred on May 25, 2016 and attaches the administrative denial letter from this FTCA claim that occurred on June 5, 2016. (Id. at 7.) Accordingly, Plaintiff requests that the Court reconsider its August 8, 2018 Order dismissing this action. (Id. at 1.)

As set forth above, motions for reconsideration are appropriate where there is a need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café, 176 F.3d at 677; see also Rohrbach, 902 F. Supp. at 527 (A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or . . . has made an error not of reasoning but of apprehension"). In review of the Plaintiff's motion for reconsideration and the record in this matter, the Court concludes that it is appropriate to grant Plaintiff's motion for reconsideration and reopen this matter, as the May 25, 2016 and June 5,

5

2016 incidents were separate occurrences resulting in separate FTCA claims filed by Plaintiff.

**IV.   CONCLUSION**

In accordance with the foregoing, Plaintiff's motion for reconsideration (Doc. No. 14), will be granted. The Court will direct the Clerk of Court to reopen this matter and serve the complaint (Doc. No. 1), on Defendant in accordance with the applicable Federal Rules of Civil Procedure. An appropriate Order follows.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: November 28, 2018